IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM CORPORATION, | ) | |
| Plaintiffs, | ) | C.A. No. ____________________ |
| v. | ) | |
| AUROBINDO PHARMA LTD. and AUROBINDO PHARMA USA, INC., | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs, Boehringer Ingelheim Pharmaceuticals Inc.; Boehringer Ingelheim International GmbH; and Boehringer Ingelheim Corporation, by their undersigned attorneys, for their Complaint against Defendants, Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc., hereby allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendants' submissions of Abbreviated New Drug Applications ("ANDAs") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell generic versions of Plaintiffs' JARDIANCE® (empagliflozin) tablets, GLYXAMBI® (empagliflozin/linagliptin) tablets, SYNJARDY® (empagliflozin/metformin) tablets, and/or SYNJARDY® XR (empagliflozin/metformin extended release) tablets prior to the expiration of United States Patent Nos. 8,551,957, 7,713,938 and/or 9,949,998.

## THE PARTIES

2. Plaintiff Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Rd., Ridgefield, CT 06877.

3. Plaintiff Boehringer Ingelheim International GmbH ("BII") is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

4. Plaintiff Boehringer Ingelheim Corporation ("BIC") is a corporation organized and existing under the laws of Nevada, having a principal place of business at 900 Ridgebury Road, Ridgefield, CT, 06877.

5. BIPI, BII, and BIC are collectively referred to hereinafter as "Boehringer" or "Plaintiffs."

6. On information and belief, Defendant Aurobindo Pharma Ltd. ("Aurobindo Ltd.") is a corporation organized and existing under the laws of India, having a principal place of business at Plot #2, Maitri Vihar, Ameerpet, Hyderabad, Andhra Pradesh, India 500038.

7. On information and belief, Aurobindo Ltd. controls and directs a wholly owned subsidiary in the United States named Aurobindo Pharma USA, Inc. ("Aurobindo Pharma"). Aurobindo Pharma is a Delaware corporation having a principal place of business at 279 Princeton-Hightstown Road, East Windsor, New Jersey 08520-1401.

8. Aurobindo Ltd. and Aurobindo Pharma are collectively referred to hereinafter as "Aurobindo."

9. On information and belief, Aurobindo Ltd. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the state of Delaware, through its own actions and through the actions of its agents and subsidiaries, including Aurobindo Pharma, from which Aurobindo Ltd. derives a substantial portion of its revenue.

10. On information and belief, Aurobindo Pharma acted in concert with Aurobindo Ltd. to prepare and submit ANDA No. 212371 (the "Aurobindo empagliflozin ANDA") for Aurobindo Ltd.'s 10 mg and 25 mg empagliflozin tablets ("Aurobindo empagliflozin products").

11. On information and belief, Aurobindo Pharma acted in concert with Aurobindo Ltd. to prepare and submit ANDA No. 212370 (the "Aurobindo empagliflozin/linagliptin ANDA") for Aurobindo Ltd.'s 10 mg/5 mg and 25 mg/5 mg empagliflozin/linagliptin tablets ("Aurobindo empagliflozin/linagliptin products").

12. On information and belief, Aurobindo Pharma acted in concert with Aurobindo Ltd. to prepare and submit ANDA No. 212374 (the "Aurobindo empagliflozin/metformin ANDA") for Aurobindo Ltd.'s 5 mg/500 mg, 5 mg/1 g, 12.5 mg/500 mg, and 12.5 mg/1 g empagliflozin and metformin hydrochloride tablets ("Aurobindo empagliflozin/metformin products").

13. On information and belief, Aurobindo Pharma acted in concert with Aurobindo Ltd. to prepare and submit ANDA No. 212349 (the "Aurobindo XR ANDA") for Aurobindo Ltd.'s 5 mg/500 mg, 5 mg/1 g, 12.5 mg/500 mg, and 12.5 mg/1 g empagliflozin and metformin hydrochloride extended release tablets ("Aurobindo XR products")

14. The Aurobindo empagliflozin products, Aurobindo empagliflozin/linagliptin products, Aurobindo empagliflozin/metformin products, and Aurobindo XR products are collectively referred to hereinafter as the "Aurobindo ANDA Products."

15. The Aurobindo empagliflozin ANDA, the Aurobindo empagliflozin/linagliptin ANDA, the Aurobindo empagliflozin/metformin ANDA, and the Aurobindo XR ANDA are collectively referred to hereinafter as the "Aurobindo ANDAs."

16. On information and belief, Aurobindo Pharma acted in concert with Aurobindo Ltd. to prepare and submit the Aurobindo ANDAs for the Aurobindo ANDA Products, which was done at the direction of, under the control of, and for the direct benefit of Aurobindo Ltd. Following FDA approval of the Aurobindo empagliflozin ANDA, the Aurobindo empagliflozin/linagliptin ANDA, the Aurobindo empagliflozin/metformin ANDA, and the Aurobindo XR ANDA, Aurobindo Ltd. will manufacture and supply the approved generic products to Aurobindo Pharma, which will then market and sell the product throughout the United States at the direction, under the control, and for the direct benefit of Aurobindo Ltd.

## **JURISDICTION AND VENUE**

17. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*., generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

18. Venue is proper in this Court because, among other things, Aurobindo Pharma is incorporated in the State of Delaware and therefore "resides" in this judicial district and/or has committed acts of infringement in this district and has a regular and established place of business in this district. 28 U.S.C. § 1400(b). Aurobindo Ltd. is a foreign corporation not residing in any

United States district and may be sued in any judicial district. 28 U.S.C. § 1391(c). Moreover, Aurobindo has litigated previous Hatch-Waxman patent infringement disputes in the District of Delaware.

**PERSONAL JURISDICTION OVER AUROBINDO LTD.**

19. Plaintiffs reallege paragraphs 1-18 as if fully set forth herein.

20. On information and belief, Aurobindo Ltd. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

21. This Court has personal jurisdiction over Aurobindo Ltd. because, *inter alia*, Aurobindo Ltd., on information and belief: (1) has substantial, continuous, and systematic contacts with this State, either directly or through at least one of its wholly-owned subsidiaries or agents; (2) intends to market, sell, and/or distribute Aurobindo Ltd. infringing ANDA Products to residents of this State upon approval of ANDA No. 212371, ANDA No. 212370, ANDA No. 212374, or ANDA No. 212349, either directly or through at least one of its wholly-owned subsidiaries or agents; (3) enjoys substantial income from sales of its generic pharmaceutical products in this State on its own and through Aurobindo Pharma, which is a Delaware corporation; and (4) wholly owns Aurobindo Pharma, which is a Delaware corporation.

22. On information and belief, Aurobindo Ltd. has not contested jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs, and it has filed counterclaims in such cases. *See, e.g.*, *Allergan Sales, LLC v. Aurobindo Pharma USA, Inc.*, C.A. No. 18-118-GMS (D. Del.).

23. Alternatively, to the extent the above facts do not establish personal jurisdiction over Aurobindo Ltd., this Court may exercise jurisdiction over Aurobindo Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Aurobindo Ltd. would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Aurobindo Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, filing ANDAs with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Aurobindo Ltd. satisfies due process.

## PERSONAL JURISDICTION OVER AUROBINDO PHARMA

24. Plaintiffs reallege paragraphs 1-23 as if fully set forth herein.

25. On information and belief, Aurobindo Pharma develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

26. This Court has personal jurisdiction over Aurobindo Pharma because, *inter alia*, Aurobindo Pharma, on information and belief: (1) is incorporated under the laws of the State of Delaware; (2) is registered as a pharmacy wholesaler and controlled substance distributor/manufacturer with the Delaware Division of Professional Regulation; (3) intends to market, sell, or distribute Aurobindo's ANDA Products to residents of this State; (4) makes its generic drug products available in this State; and (5) enjoys substantial income from sales of its generic pharmaceutical products in this State.

27. On information and belief, Aurobindo Pharma has not contested jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs, and it has filed

counterclaims in such cases. *See, e.g., Allergan Sales, LLC v. Aurobindo Pharma USA, Inc.*, C.A. No. 18-118-GMS (D. Del.).

## BACKGROUND

### U.S. PATENT NO. 8,551,957

28. On October 8, 2013, the USPTO duly and legally issued United States Patent No. 8,551,957 ("the '957 patent") entitled "Pharmaceutical Composition Comprising a Glucopyranosyl-Substituted Benzene Derivate" to inventors Klaus Dugi, Michael Mark, Leo Thomas and Frank Himmelsbach. A true and correct copy of the '957 patent is attached as Exhibit 1. The '957 patent is assigned to BII. BIC and BIPI are licensees of the '957 patent.

### U.S. PATENT NO. 7,713,938

29. On May 11, 2010, the USPTO duly and legally issued United States Patent No. 7,713,938 ("the '938 patent") entitled "Crystalline form of 1-chloro-4-(β-D-glucopyranos-1-yl)-2-[4-((S)-tetrahydrofuran-3-yloxy)-benzyl]-benzene, a method for its preparation and the use thereof for preparing medicaments" to inventors Frank Himmelsbach, Sandra Schmid, Martin Schuehle, Hans-Jürgen Martin, and Matthis Eckhardt. A true and correct copy of the '938 patent is attached as Exhibit 2. The '938 patent is assigned to BII. BIC and BIPI are licensees of the '938 patent.

### U.S. PATENT NO. 9,949,998

30. On April 24, 2018, the USPTO duly and legally issued United States Patent No. 9,949,998 ("the '998 patent") entitled "Pharmaceutical Composition, Methods for Treating and Uses Thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and

Hans-Juergen Woerle. A true and correct copy of the ’998 patent is attached as Exhibit 3. The ’998 patent is assigned to BII. BIC and BIPI are licensees of the ’998 patent.

**JARDIANCE®**

31. BIPI is the holder of New Drug Application (“NDA”) No. 204629 for empagliflozin, for oral use, in 10 mg and 25 mg dosages, which is sold under the trade name JARDIANCE®.

32. JARDIANCE® is listed in the FDA’s Approved Drug Products with Therapeutic Equivalence Evaluations database (“Orange Book”) as having New Chemical Exclusivity until August 1, 2019.

33. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the ’938 and ’998 patents are among the patents listed in the Orange Book with respect to JARDIANCE®.

34. The ’938 and ’998 patents cover the JARDIANCE® product and its use.

**GLYXAMBI®**

35. BIPI is the holder of New Drug Application (“NDA”) No. 206073 for empagliflozin/linagliptin, for oral use, in 10 mg/5 mg and 25 mg/5 mg dosages, which is sold under the trade name GLYXAMBI®.

36. GLYXAMBI® is listed in Orange Book as having New Chemical Exclusivity until August 1, 2019.

37. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the ’957, ’938 and ’998 patents are among the patents listed in the Orange Book with respect to GLYXAMBI®.

38. The ’957, ’938 and ’998 patents cover the GLYXAMBI® product and its use.

**SYNJARDY®**

39. BIPI is the holder of New Drug Application (“NDA”) No. 206111 for empagliflozin and metformin hydrochloride, for oral use, in 5 mg/500 mg, 5 mg/1 g, 12.5 mg/500 mg, and 12.5 mg/1 g dosages, which is sold under the trade name SYNJARDY®.

40. SYNJARDY® is listed in Orange Book as having New Chemical Exclusivity until August 1, 2019.

41. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the ’938 patent is among the patents listed in the Orange Book with respect to SYNJARDY®.

42. The ’938 patent covers the SYNJARDY® product and its use.

**SYNJARDY® XR**

43. BIPI is the holder of New Drug Application (“NDA”) No. 208658 for empagliflozin and metformin hydrochloride, extended release, for oral use, in 5 mg/500 mg, 5 mg/1 g, 12.5 mg/500 mg, and 12.5 mg/1 g dosages, which is sold under the trade name SYNJARDY® XR.

44. SYNJARDY® XR is listed in Orange Book as having New Chemical Exclusivity until August 1, 2019.

45. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the ’938 and ’998 patents are among the patents listed in the Orange Book with respect to SYNJARDY® XR.

46. The ’938 and ’998 patents cover the SYNJARDY® XR product and its use.

## ACTS GIVING RISE TO THIS ACTION

### COUNT I —INFRINGEMENT OF THE ’938 PATENT

47. Plaintiffs reallege paragraphs 1-46 as if fully set forth herein.

48. On information and belief, Aurobindo submitted the Aurobindo ANDAs to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Aurobindo ANDA Products.

49. Aurobindo has represented that the Aurobindo ANDAs refer to and rely upon the JARDIANCE® NDA, the GLYXAMBI® NDA, the SYNJARDY® NDA, and the SYNJARDY® XR NDA, and contain data that, according to Aurobindo, demonstrate the bioavailability or bioequivalence of the Aurobindo ANDA Products to JARDIANCE®, GLYXAMBI®, SYNJARDY®, and/or SYNJARDY® XR.

50. Plaintiffs received a letter from Aurobindo on or about September 27, 2018 stating that Aurobindo had included a certification in the Aurobindo empagliflozin ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the ’938 and ’998 patents are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Aurobindo empagliflozin products (the “Aurobindo Empagliflozin Paragraph IV Certification”). Aurobindo intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Aurobindo empagliflozin products prior to the expiration of the ’938 and ’998 patents.

51. Plaintiffs received a letter from Aurobindo on or about September 27, 2018 stating that Aurobindo had included a certification in the Aurobindo empagliflozin/metformin ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the ’938

patent are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Aurobindo empagliflozin/metformin products (the "Aurobindo Empagliflozin/Metformin Paragraph IV Certification"). Aurobindo intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Aurobindo empagliflozin/metformin products prior to the expiration of the '938 patent.

52. Plaintiffs received a letter from Aurobindo on or about September 28, 2018 stating that Aurobindo had included a certification in the Aurobindo empagliflozin/linagliptin ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '938, '957, and '998 patents are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Aurobindo empagliflozin/linagliptin products (the "Aurobindo Empagliflozin/Linagliptin Paragraph IV Certification"). Aurobindo intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Aurobindo empagliflozin/linagliptin products prior to the expiration of the '938, '957, and '998 patents.

53. Plaintiffs received a letter from Aurobindo on or about September 28, 2018 stating that Aurobindo had included a certification in the Aurobindo XR ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '938 and '998 patents are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Aurobindo XR products (the "Aurobindo XR Paragraph IV Certification"). Aurobindo intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Aurobindo XR products prior to the expiration of the '938 and '998 patents.

54. The Aurobindo Empagliflozin Paragraph IV Certification, Aurobindo Empagliflozin/Metformin Paragraph IV Certification, Aurobindo Empagliflozin/Linagliptin

Certification, and Aurobindo XR Paragraph IV Certification are collectively referred herein as the "Aurobindo Paragraph IV Certifications."

55. Aurobindo has infringed at least one claim of the '938 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Aurobindo ANDAs, by which Aurobindo seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Aurobindo ANDA Products prior to the expiration of the '938 patent.

56. Aurobindo has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Aurobindo ANDA Products in the event that the FDA approves the Aurobindo ANDAs. Accordingly, an actual and immediate controversy exists regarding Aurobindo's infringement of the '938 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

57. Aurobindo's manufacture, use, offer to sell, or sale of the Aurobindo ANDA Products in the United States or importation of the Aurobindo ANDA Products into the United States during the term of the '938 patent would further infringe at least one claim of the '938 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

58. On information and belief, the Aurobindo ANDA Products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '938 patent either literally or under the doctrine of equivalents.

59. On information and belief, the use of the Aurobindo ANDA Products constitutes a material part of at least one of the claims of the '938 patent; Aurobindo knows that its ANDA

Products are especially made or adapted for use in infringing at least one of the claims of the ’938 patent, either literally or under the doctrine of equivalents; and its ANDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

60. On information and belief, the offering to sell, sale, and/or importation of the Aurobindo ANDA Products would contributorily infringe at least one of the claims of the ’938 patent, either literally or under the doctrine of equivalents.

61. On information and belief, Aurobindo had knowledge of the ’938 patent and, by its promotional activities and package inserts for its ANDA Products, knows or should know that they will aid and abet another’s direct infringement of at least one of the claims of the ’938 patent, either literally or under the doctrine of equivalents.

62. On information and belief, the offering to sell, sale, and/or importation of the Aurobindo ANDA Products by Aurobindo would actively induce infringement of at least one of the claims of the ’938 patent, either literally or under the doctrine of equivalents.

63. On information and belief, Aurobindo does not deny that the Aurobindo ANDA Products will infringe the claims of the ’938 patent and in the Aurobindo Paragraph IV Certifications, Aurobindo did not deny that the Aurobindo ANDA Products will infringe the claims of the ’938 patent.

64. Plaintiffs will be substantially and irreparably harmed if Aurobindo is not enjoined from infringing the ’938 patent.

65. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

**COUNT II—INFRINGEMENT OF THE '957 PATENT**

66. Plaintiffs reallege paragraphs 1-65 as if fully set forth herein.

67. Aurobindo has infringed at least one claim of the '957 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Aurobindo empagliflozin/linagliptin ANDA, by which Aurobindo seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Aurobindo empagliflozin/linagliptin products prior to the expiration of the '957 patent.

68. Aurobindo has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Aurobindo empagliflozin/linagliptin products in the event that the FDA approves the Aurobindo empagliflozin/linagliptin ANDA. Accordingly, an actual and immediate controversy exists regarding Aurobindo's infringement of the '957 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

69. Aurobindo's manufacture, use, offer to sell, or sale of the Aurobindo empagliflozin/linagliptin products in the United States or importation of the Aurobindo empagliflozin/linagliptin products into the United States during the term of the '957 patent would further infringe at least one claim of the '957 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

70. On information and belief, the Aurobindo empagliflozin/linagliptin products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a

manner that would directly infringe at least one of the claims of the ’957 patent either literally or under the doctrine of equivalents.

71. On information and belief, the use of the Aurobindo empagliflozin/linagliptin products constitutes a material part of at least one of the claims of the ’957 patent; Aurobindo knows that its empagliflozin/linagliptin products are especially made or adapted for use in infringing at least one of the claims of the ’957 patent, either literally or under the doctrine of equivalents; and its empagliflozin/linagliptin products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

72. On information and belief, the offering to sell, sale, and/or importation of the Aurobindo empagliflozin/linagliptin products would contributorily infringe at least one of the claims of the ’957 patent, either literally or under the doctrine of equivalents.

73. On information and belief, Aurobindo had knowledge of the ’957 patent and, by its promotional activities and package inserts for its empagliflozin/linagliptin products, knows or should know that they will aid and abet another’s direct infringement of at least one of the claims of the ’957 patent, either literally or under the doctrine of equivalents.

74. On information and belief, the offering to sell, sale, and/or importation of the Aurobindo empagliflozin/linagliptin products by Aurobindo would actively induce infringement of at least one of the claims of the ’957 patent, either literally or under the doctrine of equivalents.

75. Plaintiffs will be substantially and irreparably harmed if Aurobindo is not enjoined from infringing the ’957 patent.

76. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

**COUNT III —INFRINGEMENT OF THE '998 PATENT**

77. Plaintiffs reallege paragraphs 1-76 as if fully set forth herein.

78. Aurobindo has infringed at least one claim of the '998 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Aurobindo empagliflozin ANDA, the Aurobindo empagliflozin/linagliptin ANDA, and the Aurobindo XR ANDA, by which Aurobindo seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Aurobindo empagliflozin products, the Aurobindo empagliflozin/linagliptin products, and the Aurobindo XR products prior to the expiration of the '998 patent.

79. Aurobindo has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Aurobindo empagliflozin products, the Aurobindo empagliflozin/linagliptin products, and the Aurobindo XR products in the event that the FDA approves the Aurobindo empagliflozin ANDA, the Aurobindo empagliflozin/linagliptin ANDA, or the Aurobindo XR ANDA. Accordingly, an actual and immediate controversy exists regarding Aurobindo's infringement of the '998 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

80. Aurobindo's manufacture, use, offer to sell, or sale of the Aurobindo empagliflozin products, the Aurobindo empagliflozin/linagliptin product, and the Aurobindo XR products in the United States or importation of the Aurobindo empagliflozin products, the Aurobindo empagliflozin/linagliptin products, and the Aurobindo XR products into the United

States during the term of the ’998 patent would further infringe at least one claim of the ’998 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

81. On information and belief, the Aurobindo empagliflozin products, the Aurobindo empagliflozin/linagliptin products, and the Aurobindo XR products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the ’998 patent either literally or under the doctrine of equivalents.

82. On information and belief, the use of the Aurobindo empagliflozin products, the Aurobindo empagliflozin/linagliptin products, and the Aurobindo XR products constitutes a material part of at least one of the claims of the ’998 patent; Aurobindo knows that its empagliflozin, empagliflozin/linagliptin, and XR products are especially made or adapted for use in infringing at least one of the claims of the ’998 patent, either literally or under the doctrine of equivalents; and its empagliflozin, empagliflozin/linagliptin, and XR products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

83. On information and belief, the offering to sell, sale, and/or importation of the Aurobindo empagliflozin products, the Aurobindo empagliflozin/linagliptin products, and the Aurobindo XR products would contributorily infringe at least one of the claims of the ’998 patent, either literally or under the doctrine of equivalents.

84. On information and belief, Aurobindo had knowledge of the ’998 patent and, by its promotional activities and package inserts for its empagliflozin, empagliflozin/linagliptin, and XR products, knows or should know that they will aid and abet another’s direct infringement of at least one of the claims of the ’998 patent, either literally or under the doctrine of equivalents.

85. On information and belief, the offering to sell, sale, and/or importation of the Aurobindo empagliflozin products, the Aurobindo empagliflozin/linagliptin products, and the Aurobindo XR products by Aurobindo would actively induce infringement of at least one of the claims of the ’998 patent, either literally or under the doctrine of equivalents.

86. On information and belief, Aurobindo does not deny that the Aurobindo empagliflozin products subject to ANDA No. 212371 and the Aurobindo XR products subject to ANDA No. 212349 will infringe the claims of the ’998 patent. In the Aurobindo Empagliflozin Paragraph IV Certification, Aurobindo did not deny that the Aurobindo empagliflozin products subject to ANDA No. 212371 will infringe the claims of the ’998 patent; in the Aurobindo XR Paragraph IV Certification, Aurobindo did not deny that the Aurobindo XR products subject to ANDA No. 212349 will infringe the claims of the ’998 patent.

87. Plaintiffs will be substantially and irreparably harmed if Aurobindo is not enjoined from infringing the ’998 patent.

88. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer’s reasonable attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Aurobindo and for the following relief:

a. A Judgment be entered that Aurobindo has infringed at least one claim of the ’957, ’938 and ’998 patents by submitting the Aurobindo ANDAs;

b. A Judgment be entered that this case is exceptional, and that Plaintiffs are entitled to their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

c. That Aurobindo, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined from: (i) engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs or methods of administering drugs claimed in the '957, '938 and/or '998 patents, and (ii) seeking, obtaining or maintaining approval of ANDAs until the expiration of the '957, '938 and/or '998 patents or such other later time as the Court may determine;

d. A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Aurobindo's ANDAs under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration dates of the '957, '938 and '998 patents, including any extensions;

e. That Boehringer be awarded monetary relief if Aurobindo commercially uses, offers to sell, or sells its respective proposed generic versions of JARDIANCE®, GLYXAMBI®, SYNJARDY®, SYNJARDY® XR, or any other product that infringes or induces or contributes to the infringement of the '957, '938 and/or '998 patents, within the United States, prior to the expiration of those patents, including any extensions, and that any such monetary relief be awarded to Boehringer with prejudgment interest;

f. Costs and expenses in this action; and

g. Such other and further relief as the Court deems just and appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Leora Ben-Ami
Jeanna M. Wacker
Christopher T. Jagoe
Mira A. Mulvaney
Sam Kwon
Ashley Ross
Justin Bova
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4679

November 7, 2018